IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| K.W. MICHAEL CHAMBERS, *et al.*,       )  | |
|     Plaintiffs,                              )  | |
|                                                            )  | |
| v.                                                     )  | CIVIL ACTION 07-0373-WS-B |
|                                                            )  | |
| MICHAEL J. COONEY, M.D.,           )  | |
|     Defendant.                          )  | |

| | |
|---|---|
| MICHAEL J. COONEY, M.D.,           )  | |
|     Plaintiff,                                )  | |
|                                                            )  | |
| v.                                                     )  | CIVIL ACTION 07-0716-WS-B |
|                                                            )  | |
| SURMODICS, INC., *et al.*,              )  | |
|     Defendants.                        )  | |

**ORDER**

On October 17, 2007, the undersigned entered an Order (doc. 4) in Civil Action No. 07-0716-WS-B, which was recently transferred to this District Court from the United States District Court for the District of Minnesota. The October 17 Order provided, *inter alia*, as follows: "[T]he parties are **ordered**, on or before **October 30, 2007**, to show cause why the instant action should not be consolidated with Civil Action No. 07-0373-WS-B pursuant to Rule 42(a), Fed.R.Civ.P."

The rationale for this directive was that, by all appearances, Civil Action No. 07-0716-WS-B involves strikingly similar parties, facts and legal issues to those being litigated in *K.W. Michael Chambers, et al. v. Michael J. Cooney, M.D.*, Civil Action No. 07-0373-WS-B, such that it would appear to be an exceedingly inefficient use of judicial and party resources to allow precisely the same dispute to be litigated concurrently in two separate lawsuits in the same court before the same judge. In particular, Civil Action No. 07-0373-WS-B involves claims for declaratory judgment and tortious interference with contractual relations brought by 15 former stockholders of a company called InnoRx, Inc. (including among them Eugene de Juan Jr., M.D.,

and the Johns Hopkins University), by and through their "Stockholders Representative" K.W. Michael Chambers, against Michael J. Cooney, M.D., and pertaining to certain inventions in which Dr. Cooney claims ownership and/or inventorship rights. Dr. Cooney filed certain counterclaims against Dr. de Juan and Johns Hopkins on theories of unjust enrichment, fraud, breach of fiduciary duty, and correction of inventorship. Dr. Cooney's counterclaims in 07-0373 largely replicate his claims in Civil Action No. 07-0716-WS-B, in which he brings claims against Dr. de Juan, Johns Hopkins and SurModics (who is not a party in Civil Action No. 07-0373-WS-B) for unjust enrichment, fraud, breach of fiduciary duty and correction of inventorship (as well as a newly added claim of tortious interference with prospective economic advantage, brought against SurModics). Not only are the legal theories in the two actions subject to considerable overlap, but the underlying facts and witnesses appear closely similar as well.

      The law is clear that district courts are authorized to consolidate cases for trial *sua sponte*, without a motion from the parties. *See, e.g., Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."); *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 15 (D.D.C. 2007) ("By its plain language, Rule 42(a) permits *sua sponte* consolidation."); *Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp.2d 1009, 1013-14 (S.D. Ill. 2007) ("A court may order consolidation *sua sponte* and, if need be, over the objections of parties."). As such, the lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same.

      Most of the parties were silent in the face of the October 17 Order to show cause why these actions should not be consolidated. Indeed, the only litigant that elected to be heard on the consolidation issue was SurModics, which filed a Notice (doc. 14) stating, in pertinent part, as follows: "To the extent that Dr. Cooney's Amended Complaint in this action is not dismissed or stricken pursuant to Fed.R.Civ.P. 12, defendant SurModics has no objection to consolidation

with Civil Action No. 07-0373-WS-B pursuant to Fed.R.Civ.P. 42(a)."  (Doc. 14, at 4.)[1] Through their silence in the face of a show cause order, the remaining parties in Civil Action No. 07-0716-WS-B have waived any objections they might have had to the proposed consolidation.

The consolidation question is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court."  *Id.*  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").  "Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."  *Blasko*, 243 F.R.D. at 15; *see also Vasquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excess cost incurred by all parties and the government, and the waste of valuable court time in the trial of repetitive claims, among other considerations).

Examination of these two strikingly similar actions readily confirms that there are considerable common questions of law and fact; that consolidation would promote the interests

---

[1] None of the other defendants in 07-0716 has moved for dismissal, and SurModics' Notice reflects that it intends only to seek dismissal of the Amended Complaint in part; therefore, it is plain that the Amended Complaint will not be stricken or dismissed in its entirety at this time.

of judicial economy, efficiency and convenience; and that consolidation would not appear likely to yield any substantial countervailing inconvenience, delay, prejudice or expense for the Court or the litigants.  Simply put, there is but one underlying dispute between Dr. Cooney, on the one hand, and Chambers, Dr. de Juan, Johns Hopkins, and SurModics, on the other.  Fracturing that singular dispute along arbitrary lines and litigating it piecemeal in two largely duplicative actions in the same District Court before the same judge can serve no constructive purpose, but would simply invite delay, redundancy, and inefficient use of judicial and litigant resources.  For these reasons, and given the failure of any party in 07-716 to articulate any objection despite ample opportunity to do so, the Court exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P., **for all purposes**, including discovery and trial.  The Clerk of the Court is hereby **directed** to extract documents 1 through 19 from Civil Action No. 07-0716-WS-B and to make those documents a part of the court file in Civil Action No. 07-0373-WS-B.

The Court finds that there is no present reason to maintain Civil Action No. 07-0716-WS-B as an open file.  Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid any confusion, and given that 07-0716 will henceforth be a closed file that has been swallowed whole by 07-0373, the parties are **ordered** not to include the caption of 07-0716 in any future filings in this action and not to file any pleadings directly in 07-0716.  Rather, all future filings in these consolidated proceedings should be made exclusively in 07-0373.

The deadline set by Magistrate Judge Bivins of November 30, 2007 for filing of the parties' Rule 26 Planning Report (see doc. 33 in 07-0373) remains in place and will apply to this consolidated action in its entirety.

DONE and ORDERED this 2nd day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE